```
                                United States Bankruptcy Court
                                 Middle District of Pennsylvania
In re:                                                             Case No. 15-04263-RNO
Susan L. Bickleman                                                 Chapter 13
        Debtor                      CERTIFICATE OF NOTICE
```

District/off: 0314-5          User: JGoodling          Page 1 of 2              Date Rcvd: May 13, 2019
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 15, 2019.
```
db              +Susan L. Bickleman,    16 Mamies Avenue,    Pottsville, PA 17901-8432
cr              +U.S. Bank National Association,    Stern & Eisenberg, PC,    1581 Main Street,    Suite 200,
                  Warrington, PA 18976-3403
4714299         +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                  Arlington, TX 76096-3853
4703996         +CNAC - PA 108,    601 State Rd.,    Emmaus, PA 18049-3029
4703999         +George J. Bickleman, Jr.,    16 Mamies Ave.,    Pottsville, PA 17901-8432
4704001         +Milstead & Associates LLC,    1 E. Stow Rd.,    Marlton, NJ 08053-3118
4704003         +Schuylkill Medical Center,    420 S. Jackson St.,    Pottsville, PA 17901-3692
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4730658          EDI: AIS.COM May 13 2019 23:23:00      American InfoSource LP as agent for,    Verizon,
                  PO Box 248838,    Oklahoma City, OK   73124-8838
4703997          EDI: CCS.COM May 13 2019 23:23:00      Credit Collection Services,    P. O. Box 9134,
                  Needham Heights, MA 02494-9134
4704000         +EDI: PHINAMERI.COM May 13 2019 23:23:00      GM Financial,    P. O. Box 183593,
                  Arlington, TX 76096-3593
4704002          E-mail/Text: Bankruptcies@nragroup.com May 13 2019 19:44:31      National Recovery Agency,
                  2491 Paxton St.,    Harrisburg, PA 17111-1036
4704004          E-mail/Text: jennifer.chacon@spservicing.com May 13 2019 19:44:32
                  Select Portfolio Servicing Inc.,    P. O. Box 65250,    Salt Lake City, UT 84165-0250
4752855          E-mail/Text: jennifer.chacon@spservicing.com May 13 2019 19:44:32
                  U.S. Bank National Association, as trustee,    c/o Select Portfolio Servicing, Inc.,
                  P.O. Box 65250,    Salt Lake City, UT 84165-0250
4704005          E-mail/Text: bkrcy@ugi.com May 13 2019 19:44:19      UGI Central Penn Gas,    P. O. Box 15426,
                  Wilmington, DE 19886-5426
4704007         +EDI: VERIZONCOMB.COM May 13 2019 23:23:00      Verizon,    P. O. Box 5029,
                  Wallingford, CT 06492-7529
4704006         +EDI: VERIZONCOMB.COM May 13 2019 23:23:00      Verizon,    500 Technology Dr.,    Suite 300,
                  Weldon Springs, MO 63304-2225
                                                                                               TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4703998       ##Debt Recovery Solutions,    900 Merchants Concourse,    Suite 106,    Westbury, NY 11590-5114
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 13, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              David S. Gellert    on behalf of Debtor 1 Susan L. Bickleman dsgrdg@ptdprolog.net
              James Warmbrodt    on behalf of Creditor   U.S. Bank National Association, as Trustee, in trust
               for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through
               Certificates, Series 2007-AHL3 bkgroup@kmllawgroup.com
              Matthew Christian Waldt    on behalf of Creditor    U.S. Bank National Association, as Trustee, in
               trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through
               Certificates, Series 2007-AHL3 mwaldt@milsteadlaw.com,    bkecf@milsteadlaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```

District/off: 0314-5   User: JGoodling   Page 2 of 2   Date Rcvd: May 13, 2019
                       Form ID: 3180W    Total Noticed: 16

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          William Edward Miller   on behalf of Creditor   U.S. Bank National Association
           wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
                                                                                            TOTAL: 6

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Susan L. Bickleman** | Social Security number or ITIN **xxx–xx–7988** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **5:15–bk–04263–RNO** | | |

# Order of Discharge                                                                                                         12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Susan L. Bickleman

**By the court:**

<u>5/13/19</u>

*[signature: Robt N. Opel II]*

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: JGoodling, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                        **Chapter 13 Discharge**                                        page 1

Case 5:15-bk-04263-RNO   Doc 33   Filed 05/15/19   Entered 05/16/19 00:49:11   Desc
Imaged Certificate of Notice   Page 3 of 4

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**